UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
MERRILL LYNCH COMMERCIAL                                         :
FINANCE CORP.,                                                   :   **MEMORANDUM**
                                                                 :   **DECISION AND ORDER**
                    Plaintiff                                    :
             - against -                                         :   10 Civ. 3868 (BMC)
                                                                 :
KENTCO N.Y. LTD., JOSHUA FREUND                                  :
and SOL ABRAMOVICH,                                              :
                                                                 :
                    Defendants.                                  :
                                                                 :
---------------------------------------------------------------- X

**COGAN**, District Judge.

Before me is plaintiff's motion for default judgment. For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff brought this action against defendants in connection with a loan plaintiff granted to defendant Kentco N.Y., LTD, which was personally guaranteed by defendants Joshua Freund and Sol Abramovich. Defendants previously defaulted on the loan and plaintiff filed a suit against them in October 2007. See Merrill Lynch Business Financial Services, Inc. v. Kentco N.Y., et al., 07-CV-4165 (FB) (RLM) (E.D.N.Y. Oct. 5, 2007). The parties settled the dispute by entering into a Forbearance Agreement that provided for defendants to repay the debt by December 31, 2008, which they later amended to provide for repayment by January 31, 2010. Plaintiff alleges that defendants have breached these agreements by failing to make payments as provided under the amended Forbearance Agreement.

Plaintiff commenced this action by filing a Complaint and Summons on August 23, 2010, and served the defendants with a copy on August 27 and 30. Plaintiff filed proof of service with the Court on August 30 and September 1. Defendants have not answered or otherwise appeared in this action, and the time to do so has expired. On September 24, 2010, the Clerk of the Court entered default against the defendants pursuant to Fed. R. Civ. P. 55.

## DISCUSSION

In light of defendants' default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). "Rule 55(b)(2) provides that when granting a default judgment, if 'it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence...the court may conduct such hearings or order such references as it deems necessary and proper.'" Id. at 154 (quoting Fed. R. Civ. P. 55(b)(2)). The Second Circuit has held that as long as a district court "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence, it is not necessary for the court to hold a hearing. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal citations omitted).

Plaintiff's counsel has submitted a declaration in support of plaintiff's motion for default judgment. That declaration exhibits copies of the complaint filed in the prior action, the original loan agreement, the forbearance agreement, the amended forbearance agreement, and a statement of the amount presently due under the loan. This Court finds these submissions to be sufficient

evidence to form the basis for an award of damages against defendants, jointly and severally, in the total amount of $576,871.13.

Plaintiff has also requested additional interest under the loan agreement, as well as attorneys' fees and costs in bringing this action. This request is denied due to plaintiff's failure to cite to the appropriate interest rate in the loan agreement or provide any documentation whatsoever in support of its request for costs and attorneys' fees.

## CONCLUSION

The motion for a default judgment is granted in part and denied in part. The Clerk is directed to enter judgment in the amount of $576,871.13.

**SO ORDERED.**

Dated: Brooklyn, New York
September 27, 2010

U.S.D.J.